In re HONEY CREEK ENTERTAIN-
MENT, INC., d/b/a Arbuckle Wil-
derness, Debtor.

Lena Clancy, Appellant/Cross–Appellee,

v.

Kenneth G.M. Mather, Chapter 11 Trustee for the Bankruptcy Estate of Honey Creek Entertainment, Inc., Appellee/Cross–Appellant.

Nos. 01–7052, 01–7059.

United States Court of Appeals,
Tenth Circuit.

June 7, 2002.

Before KELLY, PORFILIO, and
ANDERSON, Circuit Judges.

### ORDER AND JUDGMENT *

JOHN C. PORFILIO, Senior Circuit
Judge.

Lena Clancy appeals the district court's
affirmance of the bankruptcy court's con-
clusion Ms. Clancy owes a debt to Kenneth
G.M. Mather, the Chapter 11 Trustee for
Honey Creek (Trustee), based on a prom-
issory note she executed in favor of Honey
Creek Entertainment, Inc. Trustee cross
appeals the district court's reversal of the
bankruptcy court's finding that the amount
of the debt was evidenced by the sum
revealed by Honey Creek's income tax re-
turns, rather than the amount of the loan
actually funded to Ms. Clancy. On Ms.

Clancy's appeal, we conclude the question
of whether the district court's holding on
the note was erroneous is not justiciable
because of subsequent circumstances. We
believe, however, the district court correct-
ly reversed the bankruptcy court's finding
on the amount of the debt.

The parties are well aware of the facts;
therefore, we need not set them forth in
detail. Suffice that the controversy re-
volves around an instrument purporting to
be a promissory note evidencing a debt
from Lena Clancy to the Debtor, Honey
Creek. The Trustee brought this action to
enforce that debt. The bankruptcy court
held the debt instrument was a negotiable
promissory note enforceable under Okla-
homa law by the Trustee. It further de-
termined the debt was for $296,827, an
amount set forth in the tax returns filed by
Honey Creek and not the $250,000 actually
funded under the instrument. The district
court affirmed the bankruptcy court's rul-
ing on the nature of the instrument but
held there was no credible record evidence
to support the bankruptcy court's finding
of the amount of the debt. Therefore, it
reversed and awarded the Trustee judg-
ment for $250,000, plus interest.[1] Both
sides appeal.

■ While the parties have presented
substantial argument over the nature of
the instrument, both sides eventually
agree that Ms. Clancy is indebted to Hon-
ey Creek, and perforce, to the Chapter 11
estate. Ms. Clancy's principal argument
on appeal is that debt notwithstanding, the

---

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.
This court generally disfavors the citation of
orders and judgments; nevertheless, an order
and judgment may be cited under the terms
and conditions of 10th Cir. R. 36.3.

1. Ms. Clancy has not contested the award of
interest except to the extent such a contest
may be subsumed in her explicit challenges to
the rulings of the district court.

language of the instrument makes clear the obligation to repay has not ripened. This contention is based upon the last sentence of the instrument which reads: "If Honey Creek Entertainment Corp. is dissolved prior to payment in full of all principal and accrued interest, this Note shall be immediately due and payable on demand after such dissolution." She consequently argues because Honey Creek is enmeshed in a Chapter 11 reorganization, it has not been dissolved, and, until dissolution, she has no obligation to pay.

The curiously circuitous language of the instrument, which ultimately gives rise to the holder's right to demand payment only after the occurrence of a condition precedent which has yet to occur, calls into question whether the instrument is indeed negotiable as both the bankruptcy and district courts have decided. Nonetheless, it has become clear to us any pursuit of this issue is academic and will in no way affect the ultimate collectability of Ms. Clancy's debt.

At oral argument, the Trustee informed us that other than Ms. Clancy's debt, the assets of Honey Creek have been liquidated in full, and he awaits only the outcome of this appeal to liquidate the estate (presumably under 11 USC § 1112(b)). That liquidation would thus ripen the debt, as admitted by Ms. Clancy, and eliminate her arguments.[2] Moreover, the result would make our resolution of the legal issue presented by Ms. Clancy merely advisory and not dispositive. Because of the

case and controversy provisions of Article III, section 2 of the Constitution, it is not our judicial function to render advisory decisions. *Public Service Co. of Colorado v. U.S.E.P.A.,* 225 F.3d 1144, 1148, n. 4 (10th Cir.2000).

■ On the Trustee's cross appeal, we must consider the district court's finding of error in the bankruptcy court's determining of the debt. The bankruptcy court found the amount to be $296,827, the sum noted as "other assets" in the schedule balance sheet attached to certain of Honey Creek's federal income tax returns. Yet, the district court did not believe the record supported the additional $46,827.

Despite Ron Armitage's statement the additional funds were probably accumulated interest, the court found it "highly unlikely" that the sum of over $46,000 in interest would accumulate in a year. The court noted, moreover, the total did not increase from 1994 to 1997. If the $46,000 was interest, the court opined its accumulation would have to change each year, but no change consistent with the accumulation of interest is reflected by the tax returns. The district court concluded the bankruptcy court's reliance on Mr. Armitage's testimony and the tax returns was clearly erroneous. Our view of the record leads us to conclude the issue was properly resolved by the district court.

The Trustee persists in his cross appeal to argue the bankruptcy court extensively reviewed all of the documentation sur-

2. Ms. Clancy has raised other legal arguments which we have considered and found unpersuasive. For example, the argument over how the obligation was to be repaid is superceded by the fact that liquidation of Honey Creek, as admitted by Ms. Clancy, makes the obligation payable without regard to the source of repayment. Her argument

that there are "two contracts" simply ignores the factual finding of the bankruptcy court affirmed by the district court that the bankruptcy court found Ms. Clancy's testimony "contradictory" and "[did] not believe [her] testimony with regard to the note is credible."

rounding the Clancy obligation and concluded, based on the returns for 1994 through 1997, that the amount of the debt was $296,827. Each return, after all, was signed by Ms. Clancy under penalty of perjury. Trustee points out Ms. Clancy never filed an amended return to correct the error.

Those points notwithstanding, we were advised by counsel at oral argument Honey Creek kept its books by the accrual method. There was no explanation of why the so-called "interest" was neither accrued nor reported as income during the same period. Moreover, there was no testimony, other than that of Mr. Armitage, about the origin of the additional $46,827. We agree with the district court's analysis of that testimony. Moreover, it is not contested that Ms. Clancy received the benefit of only $250,000 from the instrument she signed. On the basis of those accumulated facts, we believe the bankruptcy court clearly erred in finding her debt was enhanced beyond that amount based on a promissory note she executed in favor of Honey Creek.

The judgement of the district court is **AFFIRMED IN PART AND REMANDED WITH DIRECTIONS** to forthwith return the case to the bankruptcy court for further proceedings toward liquidation.